Submitted on the record August 9, 1983, accused disbarred March 20, 1984

In Re: Complaint as to the Conduct of

# ROGER L. HILL,
*Accused.*

(OSB 80-82, 81-78, 82-6; SC 29772)

678 P2d 1218

Charles J. Wiseman, Portland, submitted the petition for review, representing the Oregon State Bar.

No appearance by or for accused.

PER CURIAM

## PER CURIAM

In this disciplinary proceeding brought by the Oregon State Bar, the accused was charged by an amended complaint with eight separate causes of complaint ranging over a three-year period, involving four different clients and resulting in fourteen separate alleged violations of the Code of Professional Responsibility and one violation of statute. Personal service of the complaint, the amended complaint, and notice to answer were made on the accused in California. Notices reporting the appointment of the Trial Board and the date, time and place of the hearing on the amended complaint were mailed to the accused at the California address he gave to the Bar. Except for one letter containing a defective attempt to resign from the Bar, no communications were made by the accused to the Bar nor did he appear at the hearing.

On February 11, 1983, a hearing was held before the Trial Board at which time eight witnesses appeared and 22 exhibits were received. The Trial Board found that the accused violated two disciplinary rules, DR 6-101(A)(3)[1] and DR 1-102(A)(4).[2] The Trial Board also found that the accused violated ORS 9.480(3), now ORS 9.527(3), which permits disbarment when a member has wilfully disobeyed an order of the court requiring the member to do an act connected with the legal profession.[3] The Trial Board found the evidence

---

[1] "DR 6-101 Failing to Act Competently.

"(A) A lawyer shall not:

"* * * * *

"(3) Neglect a legal matter entrusted to him."

[2] "DR 1-102 Misconduct.

"(A) A lawyer shall not:

"* * * * *

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"* * * * *."

[3] "ORS 9.480

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

insufficient to support the remaining accusations of the Bar. The Trial Board recommended disbarment of the accused. The Disciplinary Review Board first examined the circumstances relating to service upon the accused. Then, upon review of the facts of the case, the Disciplinary Review Board concurred in the findings of the Trial Board. In addition, the Disciplinary Review Board found that the accused was guilty of two other disciplinary rule violations. The Disciplinary Review Board recommended disbarment of the accused.

On Petition for Review by the Bar, this matter is before this court on the record. Neither briefs nor arguments have been submitted by the Bar or the accused. We shall discuss the eight causes of the amended complaint in the order alleged by the Bar.

## CAUSES 1, 2, and 3

A non-resident property owner, Ms. McVeigh, after receiving a demand letter claiming damages in a residential landlord-tenant dispute, retained the accused to represent her and paid him a retainer fee of $500. Subsequently, McVeigh was served with summons and complaint in the same matter in the District Court for Washington County, and so informed the accused. McVeigh received notification that the trial would be held on April 3, 1980, but was told by the accused that her presence at the trial would not be necessary. The accused attended the trial and judgment was entered against McVeigh for $445.16 damages, plus $800.00 attorney fees and $47.75 in costs. Some eight weeks later, McVeigh learned for the first time that a judgment had been awarded against her and she then was advised by the accused that he had filed an appeal. McVeigh heard nothing further from the accused and, upon later inquiry to the Clerk of the District Court, learned that no appeal had been filed. McVeigh then paid the judgment in full.

---

"* * * * *

"(3) The member has wilfully disobeyed an order of a court requiring the member to do or forbear an act connected with the legal profession;

"* * * * *."

Based on these facts, the Bar charged in the first cause that the accused had failed to prepare adequately for trial, alleging violations of DR 6-101(A)(2) and (3).[4]

In the second cause of complaint, the Bar alleged that the accused violated the disciplinary rules in his post-trial conduct by failing to file appropriate motions, failing to appeal, and failing to keep his client informed. The Bar specified violations of DR 6-101(A)(3),[5] DR 7-101(A)(1) and (3).[6]

In the third cause, the Bar charged the accused with subsequently misleading his client by assuring her that an appeal had been filed and would be heard when both assertions were false. The Bar charged that the accused violated DR 1-102(A)(4).[7]

After hearing, the Trial Board found the accused guilty of violating DR 6-101(A)(3), apparently as charged in the second cause of complaint, for neglecting a legal matter

---

[4]
"DR 6-101 Failing to Act Competently.

"(A) A lawyer shall not:

"* * * * *

"(2) Handle a legal matter without preparation adequate in the circumstances.

"(3) Neglect a legal matter entrusted to him."

[5] *See* DR 6-101(A)(3) *supra,* n 1.

[6]
DR 7-101 Representing a Client Zealously.

"(A) A lawyer shall not intentionally:

"(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7-101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

"* * * * *

"(3) *Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B).*

"* * * * *"

[7] *See* DR 1-102(A)(4), *supra,* n 2.

entrusted to him. Likewise, upon review, the Disciplinary Review Board concluded that the accused had violated that disciplinary rule. We agree. Neither of the lower tribunals addressed the allegation that the accused handled a legal matter without preparation adequate in the circumstances (DR 6-101(A)(2)) or that he neglected the client's pre-trial case (DR 6-101(A)(3)). Presumably, they, as we, could not determine from the record whether the accused failed, in fact, to prepare adequately or neglected the matter entrusted to him in the pre-trial phase of the case.

Although the Trial Board did not so find, the Disciplinary Review Board found that the accused engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. DR 1-102(A)(4). We conclude that, in falsely informing his client that an appeal had been taken and would be heard, the accused practiced deceit in misrepresenting the facts to his client.

The remaining two allegations by the Bar relating to this client were that the accused violated two disciplinary-rule provisions involving conduct prohibited by DR 7-101(A)(1) and (3). As we observed in two recent disciplinary cases, these rules require that the accused act *intentionally* in failing to seek the lawful objectives of his client and causing prejudice or damage to his client. *In re Collier,* 295 Or 320, 667 P2d 481 (1983); *In re Hereford,* 295 Or 604, 668 P2d 1217 (1983). The Trial Board did not address this issue specifically. The Disciplinary Review Board concluded, after correctly observing that the disciplinary rules require the acts to be intentional, that in the absence of evidence to the contrary, a conclusion that the acts were intentional is "reasonable and highly probable" and found the accused in violation of DR 7-101(A)(3). We disagree. As in *In re Hereford,* we conclude that there is not sufficient information in the record to make that determination. The Bar did not meet its burden of proof by clear and convincing evidence. *See In re Thomas,* 294 Or 505, 521, 659 P2d 960 (1983).

## CAUSES 4 and 5

In these two causes, the accused was charged with failing to act competently, misrepresenting a set of facts, and intentionally prejudicing his client in an adoption proceeding.

No evidence was offered on these two causes and they were dismissed.

## CAUSE 6

In June 1979, the accused received a check in the sum of $2,500 in settlement of a personal injury claim in behalf of his client, Abelson. The check was made payable to Abelson, the accused, and State Farm Mutual Automobile Insurance Company, the latter of whom had an interest in the settlement because of personal injury protection benefit payments (ORS 743.800 to 743.835) made to Abelson in the amount of $389. The accused presented the check to the claims representative of State Farm and, upon a representation by the accused that he would personally pay the $389 to State Farm, persuaded the representative of State Farm to endorse the check. Thereafter, repeated attempts were made to have the accused make the payment and, when the attempts proved unsuccessful, State Farm referred the matter to an attorney, an action was filed, and a default judgment was obtained against the accused. The judgment was not satisfied. The Trial Board and the Disciplinary Review Board found that the accused had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102(A)(4), and so do we.

## CAUSES 7 and 8

Commencing in March 1978, the accused represented the conservator in a conservatorship estate for Dean Anderson. In its amended complaint, the Bar alleged:

> "In the course of representing this conservatorship, the accused misappropriated funds of this conservatorship to his own use which should have been paid to creditors of the ward, Dean Anderson."

The evidence before the Trial Board becomes rather sketchy at this point. The evidence shows that on May 1, 1979, two checks from the sale of real property of the conservatorship estate totalling $12,054.25 payable to the protected person were deposited in the accused's "Clients [sic] Trust Account." No evidence explains what happened to these funds. Although demands, including an order of the Washington County Circuit Court, were made upon the accused, no satisfactory accounting was made by the accused in behalf of

the conservator. The record is clear that the accused was ordered by the circuit court to disburse certain funds on two occasions. The accused did not make the disbursements as ordered; an order to show cause why he should not be held in contempt was filed on June 23, 1981, and served on the accused a month later. The accused did not appear; a bench warrant was issued for his arrest, but the warrant was never served.

In its seventh cause of complaint, the Bar charged the accused with misappropriation of the conservatorship funds in specific violation of DR 1-102(A)(4), 9-102(A)[8] and 9-102(B)(3).[9] The Bar,in its final cause, charged the accused with refusing to disburse funds as ordered by the circuit court in violation of DR 7-101(A)(1) and ORS 9.480(3). The Trial Board found that the accused had wilfully disobeyed the order of the circuit court and apparently found that the accused had

---

[8] The following Disciplinary Rule is the one in effect when the alleged occurrences involved in this case took place. The amendments of February 1, 1983, have no effect on this case.

"DR 9-102 Preserving Identity of Funds and Property of a Client.

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

"(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"* * * * *."

[9] "DR 9-102 Preserving Identity of Funds and Property of a Client.

"* * * * *

"(B) A lawyer shall:

"* * * * *

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"* * * * *."

violated the statute in so doing. The Disciplinary Review Board found that the accused violated the statute and also found a violation of DR 1-102(A)(4) involving dishonesty, fraud, deceit, or misrepresentation in the misappropriation of conservatorship funds.

As did the lower tribunals, we find that the accused violated ORS 9.480(3) when he wilfully disobeyed an order of the court requiring the member to do an act connected with the legal profession. Although some evidence suggests that the funds were misappropriated, we do not find by clear and convincing evidence that, in this instance, the accused was guilty of dishonesty, fraud, deceit or misrepresentation.

The two lower tribunals did not find the accused in violation of the three remaining disciplinary rules raised in these two causes of complaint. We likewise conclude that the record does not support a guilty finding by clear and convincing evidence.

■    In summary, we find the accused guilty of violation of two counts of DR 1-102(A)(4), one count of DR 6-101(A)(3), and one count of ORS 9.480(3). It is problematical that any one of the violations would be sufficient to cause the disbarment of the accused, but, in combination, disbarment is overwhelmingly justified.

The accused is disbarred. The Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).